**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: C. R. BARD, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **MDL NO.  2187** |
| **THIS DOCUMENT RELATES TO:** | |
| **TIFFANY THOMAS and** | **Civil Action File No. 2:14-cv-10230** |
| **PHILLIP A. THOMAS** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT C. R. BARD, INC.'S
MOTION TO DISMISS COMPLAINT WITH PREJUDICE OR IN THE ALTERNATIVE
MOTION FOR SHOW CAUSE ORDER FOR FAILURE TO SERVE A
PLAINTIFF FACT SHEET**

**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E., 25th Floor
Atlanta, Georgia 30305
(678) 553-2100

*Attorneys for Defendant C. R. Bard, Inc.*

Defendant C. R. Bard, Inc. ("Bard") submits this memorandum of law in support of its Motion to Dismiss Complaint With Prejudice or in the Alternative Motion For Show Cause Order For Failure to Serve Plaintiff Fact Sheet ("Motion") in connection with this case.  Bard moves to dismiss this case, or alternatively for an order to show cause why this case should not be dismissed, because Plaintiffs have failed to serve a Plaintiff Fact Sheet in accordance with the deadline set forth in Pretrial Order No. 275 ("PTO 275") and the requirements of Pretrial Order Nos. 9, 27, and 66, and has failed to respond to Bard's communications regarding failure of Plaintiff's counsel to comply with PTO 275.

## STATEMENT OF FACTS

Plaintiffs filed their Short Form Complaint in this case on February 14, 2014 in which they named Bard as the sole defendant (Dkt. 0001).  On January 30, 2018, this Court entered Pretrial Order No. 275 ("PTO 275"), which established a discovery schedule for the Wave 7 cases.  *See* PTO 275 (Dkt. 0007), annexed to Bard's Motion as <u>Exhibit A</u>.  PTO 275 directed all Wave 7 Plaintiffs to serve Bard with a Plaintiff Fact Sheet ("PFS") by no later than March 19, 2018.  Plaintiff failed to do so.

Counsel for Bard has communicated with Plaintiff's counsel concerning the failure to comply with PTO 275. In particular, in accordance with PTOs 9, 27, and 66, Bard gave Plaintiff's counsel notice of the failure to comply with the PTO 275. (Motion, <u>Exhibit B</u>.)  Now, almost six weeks after the time for compliance with PTO 275 passed, neither Plaintiff nor her counsel has attempted to produce a compliant PFS, any authorizations, or documents within Plaintiff's possession, nor have they made any contact with counsel for Bard.  There is no excuse for this non-compliance, and Bard cannot adequately defend itself in this litigation if Plaintiff  is unwilling or unable to comply with the deadlines imposed by PTO 275.

## ARGUMENT

I.   **PLAINTIFF'S FAILURE TO COMPLY WITH PTO 275 WARRANTS A DISMISSAL WITH PREJUDICE UNDER FED. R. CIV. P. 41(B) OR FED. R. CIV. P. 37(B)(2).**

When a plaintiff fails "to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  Unless the dismissal order states otherwise, "the dismissal operates as an adjudication on the merits."  *See* Fed. R. Civ. P. 41(b).   Under Fed. R. Civ. P. 37(b), sanctions are appropriate when "a party . . . fails obey an order to provide discovery . . . ."  Fed. R. Civ. P. 37(b)(2)(A).  In an MDL proceeding such as this, the most appropriate sanction is "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014) (affirming dismissal of complaint by MDL court for plaintiff's failure to provide authorizations as directed by a discovery scheduling order).   *See generally In re Phenylpropanolamine Prods. Liab. Litig.,* 460 F.3d 1217, 1232 (9th Cir. 2006) (MDL judge "must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial" and a willingness to resort to sanctions in the event of noncompliance may result in the better administration of the vehicle of multidistrict litigation); Fed. R. Civ. P. 1 (the Federal Rules should be construed and administered to "secure the just, speedy, and inexpensive determination of every action and proceeding.").

Factors that a court must consider before levying a sanction of dismissal include the following:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to

- 2 -

produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n. v. Richards & Assocs., Inc.,* 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494, 503-506 (4th Cir. 1977)).  PTO 275 sets forth the discovery schedule for Wave 7 Cases.  In multidistrict litigations such as this one, courts must also be given greater discretion to create and enforce deadlines "in order to administrate the litigation effectively" and "ensure that the engine remains in tune."  *Freeman,* 764 F.3d at 810; *In re Phenylpropanolamine,* 460 F.3d at 1232.

Through this multidistrict litigation, the Court has set aggressive discovery schedules to work up cases and ready them for remand and trial.  In Wave 7, in particular, this Court designated a very large number of cases for work up with a tight schedules for discovery.  In addition, several cases placed in Wave 7 of the Bard MDL, as well as cases in other recent waves ordered in other vaginal mesh MDLs pending before this Court, involve claims as to products manufactured by more than one manufacturer, a situation that has not existed in the majority of earlier cases.  Thus, in addition to facing the unique challenges that ordinarily exist in multidistrict litigation, the variety of active cases that remain in Wave 7 present an even greater challenge for the Court and the parties in ensuring that the deadlines ordered by the Court are met absent compelling circumstances that do not exist in this case.

Here, Plaintiffs violated PTO 275 by failing to timely provide a PFS to Bard by the Court-imposed deadline of March 19, 2018.  Plaintiffs, acting by and through their counsel of record, did not seek an extension from Bard or the Court for filing the PFS after the Court-imposed deadline set forth in PTO 275.  Bard notified Plaintiffs' counsel of the noncompliance with PTO 275 and gave adequate time to cure, but Plaintiff's counsel failed to do so.  This failure and/or refusal to comply with PTO 275 is not excusable.  *See* Pretrial Order No. 3 at ¶ F ("[a]ll

- 3 -

attorneys representing parties to this litigation…bear the responsibility to represent their individual client or clients."); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 634 n.10 (1962) (a civil plaintiff may be deprived of his claim "if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit"); *In re Guidant Corp. Implantable Defibillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (blatant disregard for deadlines and procedures imposed by the court led to the conclusion that the plaintiffs did not act in good faith).

Bard has been and continues to be prejudiced by Plaintiffs' failure to comply with PTO 275.  First, without current executed authorizations that are to be submitted with Plaintiffs' PFS, Bard cannot collect records and cannot prepare for depositions of Plaintiffs and other key witnesses in this case.  Second, without updated medical records and information regarding Plaintiff Tiffany Thomas's  current physical condition and treating physicians, Bard cannot begin the process of scheduling depositions of her physicians, many of whom have busy schedules and limited availability for depositions.  This is especially true where, as here, there are overlapping deadlines in multiple MDLs in which some of these physicians will likely be deposed as well.

Third, Bard cannot begin the process of preparing case-specific expert reports when it outdated has outdated information regarding  Plaintiff Tiffany Thomas's medical condition and the various providers who have treated her for them.  And finally, Bard cannot determine if it any basis for dispositive motions without the benefit of the verified information routinely provided in a current PFS and the testimony of Plaintiffs.  In short, without a current and complete PFS, discovery cannot proceed, let alone proceed on the aggressive schedule set out in PTO 275, and Bard's ability to meet the other deadlines set forth in PTO 275 and prepare a proper defense of these cases has therefore been unfairly prejudiced.

- 4 -

Dismissal with prejudice is the appropriate sanction for this noncompliance with PTO 275.  *See In re Phenylpropanolamine,* 460 F.3d at 1232 (the parties' compliance with pretrial orders "are the engine that drives disposition on the merits.").  Given the large number of cases in Wave 7, a lesser sanction is inappropriate and will not deter noncompliance with Court orders. As this Court has noted in many prior orders, the Court's resources are already stretched to the limit in handling the thousands of cases that still remain in this MDL and the other MDLs before it.  In this case, Plaintiffs  have had over 20 days to cure their noncompliance with PTO 275 by serving a proper PFS, authorizations, or Plaintiff-supplied medical records, but they have not done so, despite Bard's three attempts to obtain Plaintiffs' cooperation in connection with this important discovery matter.  As a result, pursuant to this Court's prior Pretrial Orders governing the submission of Plaintiff Fact Sheets, Federal Rules of Civil Procedure 41(b) and 37(b), and the Court's inherent discretion to control its docket, Bard respectfully requests that its Motion be granted, and Plaintiffs' Complaint be dismissed with prejudice.

**II.    IN THE ALTERNATIVE, THE COURT SHOULD ISSUE AN ORDER TO SHOW CAUSE WHY PLAINTIFFS' CASE SHOULD NOT BE DISMISSED FOR HER FAILURE TO SERVE A PLAINTIFF FACT SHEET IN ACCORDANCE WITH PTO 275.**

In the event that the Court is unwilling to grant a dismissal with prejudice as to the Plaintiffs at this time, Bard respectfully requests in the alternative that this Court enter an Order directing Plaintiffs and/or their counsel to appear before the Court to show cause why Plaintiffs' Complaint should not be dismissed.  In light of the rapidly approaching deadlines for the completion of fact and expert discovery in this case, Bard requests that Plaintiffs  be required to respond to this Motion within seven (7) days and that the show cause hearing be set within seven (7) days thereafter to avoid further prejudice created by their failure to comply with their obligations under PTO 275.  If the Court is unable to do so given other demands on its time, then

- 5 -

Bard respectfully requests that discovery in this case be stayed pending the resolution of this motion.

## **CONCLUSION**

For the reasons noted above, dismissal with prejudice of Plaintiffs' Complaint is warranted under the terms of Pretrial Order Nos. 9, 27, 66 and 275, the Federal Rules of Civil Procedure, and this MDL Court's inherent discretion to efficiently manage it proceedings. Therefore, Bard respectfully requests that its motion to dismiss be granted, and the Complaint in this case be dismissed with prejudice.  In the alternative, if the Court is not inclined to dismiss these cases at the present time, then Bard respectfully requests that this Court issue a Show Cause Order as soon as reasonably possible to avoid further delay and prejudice to Bard in defending these cases and, if the Court is unable to set such a hearing on an expedited basis, Bard further requests that this Court stay discovery in this case pending a ruling on this motion.

Respectfully submitted,

/s/ Lori G. Cohen
Lori G. Cohen
Georgia Bar No. 174455
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
(678) 553-2385
Email: cohenl@gtlaw.com

*Attorneys for Defendant C. R. Bard, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2018, I caused C. R. Bard Inc.'s Motion to Dismiss Complaint With Prejudice or in the Alternative Motion for Show Cause Order for Failure to Serve a Plaintiff Fact Sheet to be electronically filed with the Clerk of the Court in this case using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this case.

/s/ Lori G. Cohen
Lori G. Cohen
Georgia Bar No. 174455
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
(678) 553-2385
Email: cohenl@gtlaw.com

*ATL 22701895v2*

- 7 -